UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cushaw Banacek Barnett, # 03403-049, ) | C/A No.: 4:11-894-MBS-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Bureau of Prison, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* Petitioner filed a petition for writ of habeas corpus on April 15, 2010, pursuant to 28 U.S.C. § 2241[1]. Respondent filed a Motion to Dismiss pursuant to Fed/ R/ Civ/ P. 12(b)(6) on August 10, 2011. The undersigned issued an order filed August 12, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Motion to Dismiss procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on August 31, 2011. On September 12, 2011, Respondent filed a reply to Petitioner's response. (Doc. #26).

## MOTION TO DISMISS

A Rule 12(b)(6) motion dismiss examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955,

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**FACTS/ARGUMENTS**

Petitioner is currently incarcerated at the Federal Correctional Institution "FCI" Williamsburg, located in Salters, South Carolina. At the time of the allegations in the complaint, Petitioner was incarcerated at the Low Security Correctional Institution (LSCI) in Butner, North Carolina. (Petitioner's Exhibit A-1, doc. #1).

Petitioner seeks to have his administrative disciplinary action for planning/extending escape from a secure institution expunged and all sanctions removed including reinstating his 41 days of

good time credit. (Docs. #1 and #24). Specifically, based on the petition, documents Petitioner attached to the petition, and his response, Petitioner argues that he attempted to escape on January 31, 2010, was interviewed on February 12, 2010, at which time he admitted he was planning to escape, but did not receive the incident report until March 3, 2010. Therefore, Petitioner asserts the incident report and record should be expunged because it took 19 days from the date staff were aware a violation occurred to the date the incident report was issued to him which is in violation of policy.   Petitioner asserts that "there is no way that man was not 'aware' of my attempt to escape 19 calendar days before March 3, 2010." (Response, doc. #24, p. 6).  Petitioner cites to BOP Policy 541.11(Table 2) which he attached as Exhibit B to his petition in support of his argument that the charges should be expunged because they waited too long based on the time limits set by the Rules. Based on an exception, Petitioner asserts that "[s]taff may suspend disciplinary proceedings for a period not to exceed two calendar weeks." (Doc. #24, p. 1). Petitioner argues that the discipline process starts when the staff has a witness or reasonable belief that an inmate committed a prohibited act. Petitioner asserts that an inmate will ordinarily receive the incident report within 24 hours of staff becoming aware of an inmate's involvement in the incident. (Doc. #24). In response in opposition to summary judgment, Petitioner asserts that "[a]lbeit that I am guilty of attempting to escape from LSCI Butner, their staff's failure to issue me the incident report within the time frame set forth in the Code of Federal Regulations is fatal to the lawfulness of the punishment imposed upon me. On a pure technicality, this court must grant me the relief I seek." (Doc. #24, p. 6). Plaintiff argues that "[n]o BOP employee has the power nor the authority to issue an inmate a incident report 19 calendar days after that employee has a 'reasonable belief' that an inmate has committed a violation of Bureau regulations."  Id.

Petitioner attached several exhibits to his initial complaint. (Doc. #1). Petitioner attached the incident report revealing that during his interview on February 12, 2010, Petitioner admitted that he was planning to escape and provided a handwritten and signed note to the Lieutenant stating, "Yes it is true, I was planning to escape." (Petitioner's complaint, Exhibit A-1, doc. #1). Petitioner also attached to his complaint a copy of the Discipline Hearing Officer's Report ("the Report") finding Petitioner "violated code #102A-making plans to escape." (Petitioner's exhibit A-2, doc. #1). Within the report, it was noted that Petitioner was given advanced written notice of the charge (copy of Incident Report) on March 4, 2010, that the hearing was held on March 26, 2010, that Petitioner had a staff representative, Counselor D. Greene, and that Petitioner requested no witnesses. (Id.). Further, the Report revealed a summary of Petitioner's statement that "I told him I was planning on escaping. I need to get back in court because my Judgment and Commitment Order is incorrect. I need to get a charge against me to get back in court so I can prove that the judge did not have the authority to imprison me." (Id.). The Report further lists the specific evidence relied on to support the findings. Petitioner was sanctioned to 41 days loss of good conduct time, 60 days segregation, and one year loss of visiting privileges. (Id.). Petitioner also attached a copy of what he labeled as B.O.P. policy 541.11, Table 2, which shows the time limits in a disciplinary process.

Respondent concedes that Petitioner has exhausted his administrative remedies with respect to the issue raised in his petition of not receiving the incident report within a certain time period after the alleged incident. However, Respondent asserts Petitioner complains in his response to the motion for summary judgment that it was improper for Lt. Dodson to have a dual role in that he issued Petitioner the incident report and investigated his case. Respondent asserts that this is an entirely new issue not raised in the petition and not raised by Petitioner in his administrative remedies.

Therefore, Respondent asserts the issue that it was improper for Lt. Dodson to investigate and issue the incident report has not be exhausted.

Additionally, in the reply, Respondent asserts Petitioner did not address Respondent's assertions that Petitioner possesses no constitutional due process right to receive an incident report with a certain period of time and that there exists more than sufficient evidence to support the DHO's decision. Instead, he again admitted that he was guilty to the charge of attempting to escape. Thus, Respondent argues the petition should be dismissed as there was no due process violation, and the courts have already recognized that a petitioner possesses no constitutional due process right to receive the incident report within a certain period of time after the alleged incident.

## ANALYSIS

The Supreme Court held that inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest is affected. Inmates have a protected liberty interest in the accumulation of good time credits. See Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Therefore, in prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits, he is entitled to certain due process protections. Id. These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U.S. at 564-571. Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

Here, the Petitioner, who was sanctioned, including the loss of GCT, was given advance written notice of the charges more than twenty-four hours before the DHO hearing. (Petitioner's Exhibit A-1, Doc. # 1). As discussed above based on the exhibits attached to the petition, Petitioner was offered the opportunity to present evidence in the form of documents or witnesses, and to have the assistance of a staff representative. ( Id.). Petitioner elected to have a staff representative, but he chose not to call a witness at the hearing. ( Id.). The record of the hearing reflects that the Petitioner appeared at the hearing and gave a statement. ( Id.). There was a written decision listing the specific evidence relied upon , the findings, and the sanctions. The report was delivered to Petitioner. Id. Accordingly, Petitioner received all the due process required by Wolf in his disciplinary proceeding. Petitioner does not dispute this fact.[2]

However, Petitioner claims that he is entitled to habeas relief because staff failed to issue a disciplinary charge within twenty-four hours of becoming aware of his escape attempt in violation of BOP rules. Petitioner asserts he did not receive the incident report until nineteen (19) days after they were aware of his escape attempt in violation of 28 C.F.R. 541.14(b)(2), 541.5[3]

Although BOP policy states that a staff member will issue you an incident report describing

---

[2]Furthermore, in an institutional setting, the fact-finder need only show that some evidence existed to support the decision. See Irvin v. Federal Bureau of Prisons, 2009 WL 1811245 (D.S.C.2009) (citing Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445-456-457, 105 S.Ct. 2768, 86 L.Ed. 2d 356 (1985)). In the instant action, Petitioner admitted that he was trying to escape.

[3] In the response to summary judgment, Petitioner argues that the investigation was conducted and a report written by the same individual, Lt. Dodson, which is prohibited by BOP regulations. As Respondent asserts in his reply, Petitioner did not raise this issue in his petition. However, even if it had been raised, Petitioner possessed no constitutional due process right to have a different person investigate and report an incident. Violations of BOP regulations do not equate to a violation of due process.

the incident and the prohibited act(s) you are charged with committing, it also states that "[y]ou will *ordinarily* receive the incident report within 24 hours of staff becoming aware of your involvement in the incident." See 28 C.F.R. § 541.5[4]. Therefore, the plain language of the provision on which Petitioner relies, indicates that the time limits are not mandatory and has been so found by the courts. See Carr v. Lamanna, 2007 WL 2428537 (D.S.C. 2007) *citing* Saenz-Lopez v. Bureau of Prisons, 221 F.3d 1339 (7th Cir. 2000)(BOP has discretion to depart from time frames in 28 C.F.R. for good cause); Sanders v. Edgefield, 2006 WL 4279486 (D.S.C. 2008).

In this case, Petitioner has neither asserted nor shown that he was prejudiced by any delay, and he has not shown a violation of due process under Wolff, supra. Accordingly, Petitioner's claims fail. Violations of BOP regulations do not equate to a violation of due process. See Irvin v. Federal Bureau of Prisons, supra, (citing Flanagan v. Shively, 783 F.Supp. 922, 931 (M.D.Pa.1992) ("The Constitution does not require strict adherence to administrative regulations and guidelines.")) The Constitution only requires compliance with minimal federal due process standards. Id. The Supreme Court in Wolff did not set any specific time limit for the reporting of the hearing. See Wolff v. McDonnell, 418 U.S. at 563-576 (noting that due process requirements are satisfied where a prisoner is given advance written notice of the charges, the right to participate in the hearing and call witnesses, and provided with a written statement setting out the decision and the reasons therefore). In conclusion, there is no evidence of a due process violation in this action as Petitioner received all of the due process safeguards delineated in Wolff. Accordingly, it is recommended that Respondent's motion for summary judgment be granted and the petition dismissed.

---

[4] Petitioner attached a copy of 28 C.F.R. § 541.5 [effective June 20, 2011] and 28 C.F.R. § 541.14 [effective until June 20, 2011] to his response.

## CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion to dismiss (document #20) be GRANTED and Petitioner's petition for Writ of Habeas Corpus be denied, and this petition dismissed. It is further recommended that all outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers
Thomas E. Rogers, III
United States Magistrate Judge

October 12, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**