IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cushaw Banacek Barnett, #03403-049,  )<br>  )<br>                  Petitioner,   )<br>  )<br>    vs.   )<br>  )<br>Bureau of Prison,   )<br>  )<br>                  Respondent.   )<br>_____ ) | C/A No. 4:11-0894-MBS<br><br>**O R D E R** |

      Petitioner Cushaw Banacek Barnett is a federal inmate in custody of the Federal Bureau of Prisons (FBOP). On April 15, 2011, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he was subjected to disciplinary action for planning to escape from a secure institution in North Carolina. According to Petitioner, his disciplinary offense should be expunged and his good time credit should be restored because the incident report describing the disciplinary offense was not timely served on him under applicable regulations. Petition for Writ of Habeas Corpus (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

      This matter is before the court on motion to dismiss filed by Respondent on August 10, 2011. On August 12, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences of failing to respond adequately. Petitioner filed a response in opposition to Respondent's motion to dismiss on August 31, 2011, to which Respondent filed a reply on September 12, 2011. Petitioner also filed a motion for declaratory judgment on September 20, 2011.

On October 12, 2011, the Magistrate Judge issued a Report and Recommendation in which he construed Petitioner's complaint as alleging a denial of due process. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). The Magistrate Judge noted that Petitioner was given advanced written notice of the charges against him. Petitioner was given the opportunity to present evidence and have the assistance of a staff representative. Petitioner attended a hearing and gave a statement. A written decision was delivered to Petitioner. Thus, the Magistrate Judge determined that Petitioner was accorded adequate due process as required by Wolff. The Magistrate Judge recommended that Respondent's motion to dismiss be granted. Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record and concurs in the recommendation of the Magistrate Judge. Respondent's motion to dismiss is **granted** with prejudice. Petitioner's motion

for declaratory judgment is **denied as moot**.

    **IT IS SO ORDERED**.

                                                /s/ Margaret B. Seymour
                                                United States District Judge

Columbia, South Carolina

November 15, 2011

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**